# Collier v. Dick.

## Trial of the Right of Property.

1. *Evidence; admissibility of declarations by third person against interest of party interested.*—The general rule is, that delarations made in the presence of, and against the interest of, a party, under such circumstances as would naturally call forth an explanation or denial from such party, if they were inaccurate or untrue, are admissible in evidence against him ; but declarations of one, made while testifying as a witness in a case, that certain property involved in litigatigation belonged to him, not admissible in evidence against one who subsequently interposes a claim to said property, and who was, at the time the declarations were made from the witness stand, present in court and did not deny the truth of the witness's statement ; the statement of the witness, under such circumstances, not calling for an explanation or denial, which if given, would have subjected the party to punishment for contempt of court.

2. *Bond in detinue; prima facie but not conclusive admission by surety of plaintiff's ownership of the property sued for; explanatory evidence admissible.*—A bond given by a plaintiff in an action of detinue, in order to obtain the necessary writ or order of seizure, is a *prima facie* admission by the surety thereon that the property sued for belongs to the plaintiff in the detinue suit, and such bond is, therefore, admissible in evidence in a subsequent suit where the said surety interposes a claim to such property ; but this admission or recognition of the ownership of the plaintiff is not conclusive against the surety in the detinue suit, but is open to explanation consistent with his ownership of property in the chattels, and in a subsequent suit where he interposes a claim to such property evidence introduced by him tending to show his general ownership of the property, and a special right of property only in the plaintiff in the detinue suit, entitling the latter to maintain that suit, is admissible.

3. *Same; estoppel.*—The execution of a bond in an action of detinue by a surety, in order to enable the plaintiff to obtain a proper writ or order of seizure, does not estop the surety from asserting his claim to the property therein sued for in a subsequent action by a creditor of the plaintiff in the detinue suit ; since the surety may have a general

[Collier v. Dick.]

ownership of the property, entitling him to recover in the subsequent suit, while the plaintiff in the action of detinue and principal in the bond had a special property only in the chattel, with right of immediate possession, entitling him to recover in the detinue suit.

APPEAL from the Circuit Court of Lee.

Tried before the Hon. JESSE M. CARMICHAEL.

The appellee, T. E. Dick, recovered a judgment in a justice of the peace court, against one J. T. Moore. Upon this judgment a writ of garnishment was issued and served upon C. T. McGraw, sheriff of Lee county. In response to the writ of garnishment, the garnishee answered that J. T. Moore brought two separate actions of detinue against the Southern Express Co. and Lee Echols to recover the possession of one gold watch and one gold ring; that by virtue of the writs of detinue issued in said suits he seized said watch and ring, and had the same in his possession, that on the trial of said detinue suits one W. F. Cardinal was made defendant in place of the original defendants, and that neither plaintiff nor defendant having made replevy bonds he, the garnishee, as sheriff, was still in possession of the property. In his answer, the garnishee suggested that G. W. Collier claimed said watch and ring as his property. Upon the suggestion of the claim of Collier to the property, a statutory claim suit was instituted, in which T. E. Dick was plaintiff and the said George W. Collier was claimant.

Upon the trial of this claim suit, the plaintiff introduced the judgment recovered against said Moore, and the process of garnishment issued and levied thereon. Upon the introduction of one J. T. Gorman as a witness for the plaintiff, he testified that he was the justice of the peace before whom J. T. Moore brought his actions of detinue for the recovery of the watch and ring. The plaintiff then asked this witness the following question: "Did not the said J. T. Moore in the trial of the two detinue suits in his justice court, on December 14th, 1891, in which the said J. T. Moore was plaintiff and the Southern Express Company defendant, swear that the property in controversy belonged to him, J. T. Moore, and that the claimant G. W. Collier was present at the time and said nothing?" Claimant objected to this question, on the ground that it called for illegal, irrele-

[Collier v. Dick.]

vant and incompetent evidence. The court overruled this objection, and the claimant duly excepted. Upon the witness answering the question in the affirmative, the claimant moved to exclude the answer upon the same grounds upon which his objection to the question was based. This motion was overruled and the claimant duly excepted. This witness, Gorman, the justice of the peace further testified, against the objection and exception of the claimant, that before the garnishment was issued in this case, he told the plaintiff and his attorney that he had decided the detinue case in favor of Moore. Upon the plaintiff offering to introduce in evidence the two detinue bonds, which were executed in said detinue suit by J. T. Moore, and on which G. W. Collier, the claimant in the present suit, was surety, the claimant objected on the grounds: (1) That such evidence was illegal, irrelevant and incompetent; (2) that such act on the part of the claimant would not estop him from setting up his claim to the property in this suit. The court overruled this objection, allowed the bonds to be introduced in evidence, and to this ruling of the court the claimant duly excepted.

The claimant offered to introduce evidence tending to show that in September, 1891, after the recovery of the judgment against Moore, but before the issue and service of the writ of garnishment, he purchased the property in controversy from J. T. Moore for a fair and valuable consideration; that said property was delivered to the claimant by said Moore at the time of the purchase, and that subsequently the claimant permitted Moore to take possession and wear the property in controversy as an accommodation, on condition that said property was to be delivered by said Moore to claimant on demand. The claimant introduced further evidence tending to show that J. T. Moore had the property in controversy in his possession as the bailee of the claimant, and that while he was holding it, a person, who had no connection with the plaintiff in this case, obtained possession of the property unlawfully, and Moore brought suits of detinue to recover the possession of said property; and that claimant signed the detinue bonds above set forth, to enable Moore to recover possession of said property by said suits. The plaintiff objected to this evidence on the grounds: (1) That said evidence was illegal and in-

[Collier v. Dick.]

competent; and, (2) that under the evidence the claimant is estopped from asserting any claim to said property. The court sustained the objection of plaintiff, and refused to admit the said evidence, and to this ruling of the court the claimant duly excepted.

This being substantially all the evidence, the court, at the request of the plaintiff, gave the general affirmative charge in his favor, and to the giving of this charge the claimant duly excepted. There were verdict and judgment for the plaintiff. The claimant appeals and assigns as error the rulings of the trial court upon the evidence, and the giving of the general affirmative charge for the plaintiff.

A. & R. B. BARNES, for appellant.—The giving the detinue bond, or bonds, and remaining silent at the trial in the justice court, to which the appellee was a stranger, and in no wise connected, the appellant not being a party, would not operate an estoppel. The circumstances surrounding the detinue trial did not make it the duty of the appellant to serve notice on any one as to his rights or claim in the premises. The silence of appellant at said trial was not inconsistent with the right which he afterward set up—neither was there any admission in the detinue bond that Moore had a right or title inconsistent with the claim of appellant. The bailee could recover on his right of possession while the general title remained in the appellant. Then if signing the detinue bond or remaining silent at the trial was not inconsistent with his claim afterwards set up, these things would not operate an estoppel. If susceptible of two constructions it would not.—*Ware v. Coles*, 24 Ala. 446. Then the other party must have acted on the conduct of appellant. Also the conduct of appellant must have been practiced with the intention that it should be acted upon.—7 Amer. & Eng. Encyc. of Law, 16, 17. Besides this, there was no mutuality, or privity, between the appellee and the appellant, or the defendant in the detinue suit. And, therefore, the appellee could not take advantage of appellant's conduct in that matter.—7 Amer. & Eng. Encyc. of Law, 23.

GEORGE P. HARRISON and T. L. KENNEDY, *contra.* The detinue suit by Moore against the Southern Ex-

[Collier v. Dick.]

press Company could not have been brought on his title as bailee, since the Express Company is not shown to have been a wrong doer.—*Jones v. Anderson*, 76 Ala. 427 ; *Wortham v. Gurley*, 75 Ala. 356 ; *Preston v. Ellington*, 74 Ala. 133. The claimant had estopped himself from denying Moore's ownership.—*Jones v. McPhillips*, 82 Ala. 102 ; *McCraney v. Remson*, 19 Ala. 430 ; *Hunley v. Hunley*, 15 Ala. 92 ; *Abrams v. Seale*, 44 Ala. 297 ; *Caldwell v. Smith*, 77 Ala. 157 ; *McKleroy v. Cantey*, 95 Ala. 297 ; *Prickett v. Sibert*, 75 Ala. 315 ; Greenl. on Evidence, § 207.

HEAD, J.—The issue is as to the ownership of a watch and ring—whether they belonged to the defendant in attachment, J. T. Moore, or to the claimant, G. W. Collier ; the proceeding being a trial of the right of property, under the statute. There had been a previous trial, before a justice of the peace, of an action of detinue, by said J. T. Moore against one Cardinal, for the recovery of the watch and ring ; and, on the present trial, the plaintiff, against the objection and exception of the claimant, was allowed to prove by the justice who tried the detinue suit, that, on that trial, Moore testified that the property belonged to him, and that Collier, the present claimant, was present and said nothing. We think this action of the court was a misapplication of the familiar rule that declarations made in the presence of, and against the interest of a party, under such circumstances as would naturally call forth from such party an explanation or denial, if the declarations are inaccurate or untrue, are admissible in evidence against him. In the instance under review, the declarations of Moore were made while testifying as a witness, on the trial of a cause, in a court of justice. If Collier, being present in court, and hearing Moore testify, had denied the truth of Moore's statements, or attempted to explain them, he would have been guilty of a most palpable contempt of court, for which he, no doubt, would have been punished. The effect of the court's ruling was to induce the jury to act upon Collier's failure to commit a contempt of court, as an admission, by silence, of the truth of what Moore had testified. The proposition of counsel that the evidence was admissible, as showing notice to Collier of the liti-

gation, and its results, between Moore and Cardinal, is too fallacious for discussion.

The plaintiff against the objection and exception of the claimant, was allowed to introduce two bonds which Moore gave, on the institution of the said detinue suit, in order to obtain the necessary writ or order of seizure, which bonds were entered into and signed by the claimant, Collier, as a surety of Moore. We think these bonds were admissible, as serving a *prima facie* admission or recognition by Collier that the property belonged to Moore. They were not, however, conclusive against him, that the property was, in fact, Moore's and not his own, either upon the principal of an admission merely, or as an estoppel, in favor of the present plaintiff, to show his own title. The *prima facie* recognition of Moore's ownership, afforded by Collier's becoming surety on the bonds, was open to explanation, consistently with his own right of property in the chattels. It may be, that Moore's claim, and right to maintain the detinue suit, was based upon a disturbed possession in him, as bailee of the claimant, Collier. A qualified property with the right to immediate possession, the general ownership residing in another, is sufficient to support detinue against one, other than the general owner entitled to immediate possession. This very explanation, Collier endeavored to make, by the introduction of evidence; and the court erroneously refused to allow him to make it, on the idea, as we gather from the objections and arguments of counsel, that by signing the detinue bonds he had estopped himself, as in favor of the garnishing plaintiff, to assert any title to the property. If the institution of a suit by plaintiff to condemn the property to the satisfaction of his debt against Moore, induced by conduct having the qualities of an estoppel, be legally deemed an act to his detriment, upon which the estoppel would operate in his favor, the principle has no application here, for the reason, as we have said, that the execution of the bonds by Collier as a surety was, upon its face, open to explanation by him, consistently with a general property in himself, entitling him to recover in the present controversy, and a special property only in Moore, entitling him to recover in the detinue suit; and being capable of this explanation, the plaintiff was bound to know it; and if he acted

upon Collier's conduct, he did so at the risk of this explanation being made.—*Ware v. Coles*, 24 Ala. 446. Again, if, under any conditions, we could inject into the execution of a bond by a surety, for the purpose of instituting and carrying on a law suit, the elements of an estoppel, and it were not subject to the explanation above pointed out, the plaintiff could take nothing by it, in the present case, for the reason that there is nothing in the case from which it can be inferred that the claimant executed the bond with the intention that plaintiff, or any one else in his situation, should act upon it. It is not attempted to be shown, even if it were material, that Collier knew plaintiff was a creditor of Moore, or that he had any creditors.—7 Am. & Eng. Encyc. of Law, 16.

In view of what we have said, the court erred in allowing proof that the plaintiff and attorney were told that the justice had decided the detinue suit in Moore's favor.

Although the claimant's evidence tended to show that the property belonged to him, and not to Moore, and that he was entitled to the immediate possession of it, the court gave the general affirmative charge in favor of the plaintiff. This was error.

Reversed and remanded.